

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 25, 1960

Hon. Penn J. Jackson, Chairman
State Board of Insurance
International Life Building
Austin, Texas

Opinion No. WW-920

Re: Whether a Termite Service
contract and a guarantee bond is a
contract of insurance which would
subject companies issuing same
to the provisions of the Texas
Insurance Code.

Dear Mr. Jackson:

You have requested our opinion on the question of whether a given termite service contract submitted with your request is a contract of insurance. Your concern arises by virtue of the fact that none of the companies issuing such contracts are licensed under the Texas Insurance Code. We answer your question in the negative.

In essence, the contract provides that for a given consideration the issuing company will treat the building or buildings covered by such contract. It further provides that should termites recur during the period covered by the contract the premises will be treated again free of charge and guarantees the purchaser against any termite damage during such period.

It is obvious that the primary inducement to this contract is the extermination of termites through the treatment afforded by the issuing company. It is this service which it is in the business of selling. The guarantee is in the nature of a promise that such treatment is so effective that no termites will reappear during the stated period and hence that no termite damage will occur. The situation is analogous to that confronting the Court in State v. Standard Oil Co., 35 N.E.2d 437, involving a tire warranty. The Court there said:

> ". . . Relating to the sale of commodities, a warranty has been defined as a statement or representation having to do with the kind, quality, variety or title of the goods sold. On the other hand, a number of courts have announced the rule that if the vendor of goods guarantees them against hazards disconnected with defects in the articles themselves, such guaranty is equivalent to a contract of insurance.

> ". . . We find difficulty in construing this agreement as more than a representation that the tires being sold are so well and carefully manufactured that they will give satisfactory service under ordinary usage for

a specified number of months, excluding happen-
ings disassociated from imperfections in the tires
themselves."

We can find no case directly in point and the line between a contract
which is primarily insurance and one which is construed as a warranty is
shadowy at best. However, as a general rule, the courts examine the con-
tract as a whole, including its motivating factors, to determine its primary
characteristic or fundamental purpose. As stated in Transportation Guarantee
Co. v. Jellin, 174 Pac.2d 625:

"Absence or presence of assumption of risk
or peril is not the sole test to be applied in deter-
mining. . .status. The question, more broadly, is
whether, looking at the plan of operation as a whole,
'service' rather than 'indemnity' is its principle
object and purpose."

The principle purpose of the Contract in question is the service of
eradicating termites, not the indemnity for damages caused in the event they
recur.

SUMMARY

The specific termite service contract
and guarantee bond submitted with the opinion
request is not a contract of insurance.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

By _____
R. V. Loftin, Jr.
Assistant Attorney General

RVL/pe

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
J. C. Davis
C. K. Richards
Robert H. Walls

REVIEWED FOR THE ATTORNEY GENERAL
BY:      Houghton Brownlee, Jr.